1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMUR MISHIEV,<br><br>Plaintiff,<br><br>v.<br><br>KATHARINE MCPHEE FOSTER,<br>Defendant. | Case No. 2:21-cv-05682-FLA (MRWx)<br><br>**ORDER TO SHOW CAUSE WHY THE ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EFFECT SERVICE TIMELY** |

On July 14, 2021, Plaintiff Timur Mishiev ("Mishiev" or "Plaintiff") filed the Complaint in this action, asserting one cause of action against Defendant Katharine McPhee Foster ("Foster" or "Defendant") for direct copyright infringement in violation of 17 U.S.C.§ 501, et seq.  Dkt. 1.  Plaintiff filed a document entitled, "Returned Summons" on August 10, 2021 (the "Proof of Service"), and filed a request for entry of default on September 22, 2021.  Dkts. 10, 11.  The Clerk of the Court entered default against Defendant on September 22, 2021.  Dkt. 12.

On November 2, 2021, the court Ordered Plaintiff to Show Cause ("OSC: re Dismissal") why the action should not be dismissed for lack of prosecution.  Dkt. 13. Plaintiff filed a response on November 16, 2021, in which he states he has attempted

to contact a representative for Defendant since the entry of default for the purpose of having Defendant answer and appear in the action.  Dkt. 14 at 2.  Plaintiff further states he has communicated with Defendant's attorney in an unrelated action and has been attempting to communicate with Defendant's current attorney.  *Id.*  Plaintiff believes that, if communication with Defendant's current counsel is successful, the matter should be capable of informal resolution.  *Id*.  Accordingly, Plaintiff requests the court discharge the OSC re: Dismissal and allow him additional time to settle the action and/or move for default judgment.  *Id*.

After reviewing Plaintiff's filings in the action, it appears service may be insufficient.  The attached Declaration of Service states that service was performed by substituted service, by leaving copies of the Complaint and Summons with "Christopher Navarro – Mail Room Clerk" at the address: 9601 Wilshire Blvd., Fl. 8, Beverly Hills, CA 90210.  Dkt. 10 at 2.

> Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e) ("Rule 4(e)").

Plaintiff's Proof of Service indicates service was performed on Defendant by substituted service on "Christopher Navarro – Mail Room Clerk," who is described as: "Male  Age: 30  Height 5'10"  Weight: 170  Race: Hispanic  Hair: Black  Other:

Brown eyes." Dkt. 10 at 2.  The Proof of Service, however, does not state any facts to establish that Christopher Navarro resides in Defendant's "dwelling or usual place of abode" or is "an agent authorized by appointment or by law to receive service of process."  *See id.*  Thus, the Proof of Service is insufficient to establish service under Rule 4(e)(2)(B) or (C).  Additionally, as the Proof of Service indicates service was performed through substituted service, it does not support service under Rule 4(e)(2)(A).

Substituted service under California law on an individual defendant is governed by Cal. Code Civ. Proc. §§ 415.20 and 416.90.

> If a copy of the summons and complaint cannot with reasonable diligence be personally delivered to the person to be served, as specified in [Cal. Code Civ. Proc. §] … 416.90, a summons may be served by leaving a copy of the summons and complaint at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box, in the presence of a competent member of the household or a person apparently in charge of his or her office, place of business, or usual mailing address other than a United States Postal Service post office box, at least 18 years of age, who shall be informed of the contents thereof, and by thereafter mailing a copy of the summons and of the complaint by first-class mail, postage prepaid to the person to be served at the place where a copy of the summons and complaint were left.  Service of a summons in this manner is deemed complete on the 10th day after the mailing.

Cal. Code Civ. Proc. § 415.20(b).  Section 415.20(b) requires a plaintiff to exercise reasonable diligence to effect personal service, before substituted service is allowed. *E.g., Evartt v. Super. Ct.*, 89 Cal. App. 3d 795, 799 (1979).

Plaintiff's Proof of Service does not indicate Plaintiff made any attempts to serve Defendant by personal service before attempting substituted service.  *See* Dkt. 10 at 2-3.  Plaintiff's Proof of Service also does not state whether the address is Defendant's home or office, or whether Mr. Navarro is "a competent member of the household or a person apparently in charge of [Defendant's] office, place of business, or usual mailing address ...."  Cal. Code Civ. Proc. § 415.20(b).  Thus, Plaintiff's

attempted service on Defendant appears to be deficient.  *See Evartt*, 89 Cal. App. 3d at 799; *see also Espindola v. Nunez*, 199 Cal. App. 3d 1389, 1392 (1988) ("Ordinarily, … two or three attempts at personal service at a proper place should fully satisfy the requirement of reasonable diligence and allow substituted service to be made.").

The court, therefore, Orders Plaintiff to Show Cause in writing, by January 14, 2022, why the action should not be dismissed for failure to effect service timely.  *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").  The filing of a proof of service of summons that demonstrates proper service under Rule 4(e) and/or the California Code of Civil Procedure will serve as a sufficient response to this Order.  Failure to file a response timely may result in the dismissal of this action without further notice.

The court reserves ruling on whether entry of Defendant's default should be vacated.  The court's prior OSC re: Dismissal, Dkt. 13, is DISCHARGED.


IT IS SO ORDERED.


Dated: November 18, 2021

FERNANDO L. AENLLE-ROCHA
United States District Judge